```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL      :
OF CARPENTERS,                          :
                                        :
                         Petitioners,   :     1:17-cv-10098-GHW
                                        :
            -against-                   :     MEMORANDUM OPINION
                                        :         AND ORDER
NAMOW, INC.,                            :
                                        :
                         Respondent.    :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/25/2018

GREGORY H. WOODS, United States District Judge:

The New York City District Council of Carpenters (the "Union" or "Petitioner") seeks to confirm an arbitration award obtained against Namow, Inc. ("Namow" or "Respondent"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. For the following reasons, the award is confirmed.

I. BACKGROUND

During all times relevant to this action, Namow was a party to, or otherwise bound by, collective bargaining agreements with the Union. Pet.'s Rule 56.1 Stmt. (ECF No. 11), ¶ 1.[1]

---

[1] In May 2007, Namow signed an Independent Timbermen Agreement with the Union covering the time period July 1, 2002 to June 30, 2006. *Id.* ¶ 2 & Declaration of Brian Spencer (ECF No. 12), Ex. A. Namow subsequently signed an Interim Compliance Agreement, which extended the terms of the 2002-06 CBA through the present, binding Namow to each Independent Timbermen Agreement in effect at a given time. Pet.'s Rule 56.1 Stmt. ¶ 3 & Spencer Decl. Ex. B. If at any time no such agreement was in effect, the terms of the Interim Compliance Agreement would bind Namow to the "association agreement that performs work similar to that performed by" Namow. *Id.* Consequently, from July 1, 2006 through June 30, 2011 Namow was bound by the collective bargaining agreement between members of the General Contractors Association and the Union, *id.* ¶ 4, and from July 1, 2011 through the events at issue here, Namow has been bound by the Independent Timbermen's Agreement (the "2011-17 CBA"). *Id.* & Spencer Decl. Exs. C, D.

On March 24, 2016, a dispute arose between the parties when Namow failed to notify the Union of a job in College Point, New York in violation of the 2011-17 CBA. Petition (Dkt. No. 1), ¶ 16; 2011-17 CBA Art. III, § 3 ("Failure to report the job or obtain a job number will be subject to the grievance and arbitration procedure."). In addition, "at the same job site on the same date," a further dispute arose because laborers employed by Namow were performing work that was, under the 2011-17 CBA, supposed to be performed by Timbermen. *See* 2011-17 CBA Art. VIII, § 2. Four days later, on March 28, 2018, a grievance arising out of these disputes was received by the Union. Spencer Decl., Ex. E.

The 2011-17 CBA provides that "[e]ither party may advise the other of an alleged grievance" which is to be filed in writing and "received by . . . the Union within forty-five (45) days of the Union becoming aware of the alleged occurrence." 2011-17 CBA, Art. V, § 2(a). The 2011-17 CBA also provides that any grievance that is not resolved by the grievance procedure "shall be submitted to arbitration . . . ." *Id.* § 2(c).[2] The arbitrator "shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing." *Id.* § 2(c).[3] The arbitrator's decision is final and binding upon both parties. *Id.* As to costs, the 2011-17 CBA specifies that the cost of arbitration, including the arbitrator's fee, "shall be borne equally by [Namow] and the Union." *Id.*

Several months after the filing of the grievance, on July 6, 2016, Petitioner served Namow with a Demand for Arbitration and Notice of Hearing. 56.1 ¶ 10; Spencer Decl. Ex. F. On August 30, 2017, a hearing was held before Arbitrator Roger Maher. Spencer Decl. Ex. G ("Award"), at 1.

---

[2] In an apparent typographical error, the 2011-17 CBA contains two subsections of Article V, Section Two that are labelled subsection "(c)." This citation refers to the first subsection labelled "(c)."

[3] This citation refers to the second subsection labelled "(c)."

The Union appeared at the hearing through counsel and submitted testimony and other evidence in support of its claims. No representative appeared on behalf of Namow. Because the Union provided proof that Namow had legally sufficient notice of the hearing and the claims against it, the arbitrator found that Namow was in default and proceeded in its absence. *Id.* On September 5, 2017, the arbitrator issued the Award, finding, in relevant part, that Namow "violated the [2011-17 CBA] when it failed to notify the [Union] of a job . . . on 3/24/2016 and also failed to maintain staffing ratio." *Id.* at 2. Namow was directed to pay a penalty of $3,828.40 to the Union. *Id.* In addition, the arbitrator directed the Union and Namow to pay $1,000 each, directly to the arbitrator, in accordance with the terms of the 2011-17 CBA.

On December 27, 2017, Petitioner commenced this action, asserting that Namow had not satisfied any portion of the arbitral award. *See* Petition (ECF No. 1), ¶ 22. Petitioner served the petition and summons on Namow on December 29, 2017. ECF No. 6. Namow has not entered an appearance in this action.

On January 29, 2018, the Court directed Petitioner to file any declarations and affidavits in support of its petition by February, 26, 2018 and directed Namow to file any opposition by March 12, 2018. ECF No. 7. Petitioner timely filed its documents, and served them on Namow. ECF Nos. 10-14. Namow failed to file an opposition, even after the Court *sua sponte* granted an extension of its deadline to respond to March 21, 2018. ECF No. 15.

## II. DISCUSSION

### A. The Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration

award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers E.*, No. 11-cv-04421-ENV-RLM, 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

A court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation and internal quotation marks omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 98 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the Award was procured through fraud or dishonesty or that the arbitrator was acting in disregard of the 2011-17 CBA or outside the scope of his broad authority to resolve any dispute between the parties regarding contributions. Rather, the record indicates that the arbitrator based the Award on undisputed evidence that Namow violated the 2011-17 CBA by failing to notify the Union of a job in College Point, New York, on March 24, 2016 and failing to maintain staffing ratios. Accordingly, Petitioner's motion is granted and the Award is confirmed.

### B. Attorneys' Fees and Costs

Petitioner has also requested $3,723.00 in attorneys' fees and $492.90 in costs arising from this confirmation action. Declaration of Paige Davis (ECF No. 13), ¶¶ 8, 9 & Ex. 1. Generally, "in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). Section 301 of the LMRA does not provide for the recovery of attorneys' fees. *Id.* However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification,

5

attorney's fees and costs may properly be awarded." *Id.* (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (5th Cir. 1982)).

Here, an award of fees and costs is justified. By binding itself to the 2011-17 CBA, Namow agreed to submit to arbitration of to resolve a grievance. Namow failed to participate in the arbitration proceeding, despite having been duly notified of the hearing. Furthermore, following the arbitrator's decision that Namow violated its obligations under the 2011-17 CBA, Namow failed to satisfy any portion of the award and subsequently failed to oppose the instant petition to confirm the award. In so doing, Namow has failed to offer any justification for its refusal to abide by the decision of the arbitrator. *See, e.g.*, *New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Constr., Inc.*, No. 03-cv-5122-DAB, 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (awarding fees and costs where defendant "chose not to participate in the arbitration proceedings or even to oppose Plaintiffs' application for confirmation of the arbitration award"); *New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074-HB, 2012 WL 4492384, at *4 (S.D.N.Y. Sept. 28, 2012) (awarding attorneys' fees and finding that respondent's "inaction in the arbitration hearings and in the present action . . . constitutes bad faith").

In support of its request for fees and costs, Petitioner submitted an invoice listing the completed tasks, attorneys' hourly rates, and billed hours, as well as their costs. Davis Decl., Ex. 1. In total, Petitioner incurred 19.80 hours of legal work. Work conducted by attorneys who were "of counsel" prior to January 1, 2018 was billed at a rate of $250 per hour. Davis Decl. ¶ 7 & Ex. 1. Similarly, prior to January 1, 2018, legal assistants' time was billed at an hourly rate of $90. After January 1, 2018, however, the rates increased to $300 per hour for attorneys who are of counsel and $110 for legal assistants. Davis Decl. ¶¶ 6, 7 & Ex. 1. In addition, the hourly rate for associates as

of January 1, 2018 was increased to $250. *Id.* ¶ 7.[4] Petitioner's costs consist primarily of the court filing and process server fees. *Id.* Ex. 1, at 4.

The Court has reviewed these contemporaneous records and has determined that the amounts requested are reasonable. *See* Davis Decl., Ex. 1. Accordingly, Petitioner's request for attorneys' fees and costs is granted.

## III. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $9,044.30—which consists of the arbitration award of $4,828.40[5] plus $4,215.90 in attorneys' fees and costs incurred in the instant action. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: May 25, 2018
New York, New York

GREGORY H. WOODS
United States District Judge

---

[4] According to the billing records, no associates performed work on this case prior to January 1, 2018. Davis Decl. Ex. 1.
[5] This amount includes the $1,000 to be paid directly to the arbitrator on behalf of Namow. *See* Award, at 2 (directing the Union and Namow to each pay $1,000 "directly to the Arbitrator").